UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| J. LATTIMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:06-CV-840 PS |
| | ) | |
| INDIANA STATE PRISON, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

J. Lattimore, a *pro se* prisoner, filed this habeas corpus petition challenging his 90 day loss of good time credit as a result of being found guilty on May 12, 2006 by the Disciplinary Hearing Board (DHB) at the Indiana State Prison. Mr. Lattimore was found guilty in ISP 06-05-0059 of conspiracy to traffic in violation of A111/113.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is obligated to review the petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.* Mr. Lattimore attached to his petition the underlying record from the proceedings before the DHB. Rule 4 provides the Court with a gatekeeping responsibility to sift through habeas petitions and the attached record, and dismiss those petitions that obviously lack merit. This is one of those cases.

Lattimore argues that he was not provided with all of the evidence he requested. He requested complete phone records, but states that they were not provided to him. Although *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that he be permitted to submit relevant exculpatory evidence, it does not entitle him to see or review any of the evidence himself.

> *Baxter v. Palmigiano*, 425 U.S. 308, 47 L. Ed. 2d 810, 96 S. Ct. 1551 (1976),
> warns the courts of appeals not to add to the procedures required by *Wolff*, which,

>*Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners.

*White v. Indiana Parole Board*, 266 F.3d 759, 768 (7th Cir. 2001). Lattimore does not argue that the DHB did not consider his evidence, only that he was not given a copy of it. Indeed, the Report of Disciplinary Hearing states that "Offender requested evidence against him and it was part of case file." [DE 1-2 at 7.] It also states that the case file was considered and relied on in reaching the decision. Because *Wolff* does not require that Lattimore be provided with a copy of the phone records, the first ground is not a basis for granting habeas relief.

Lattimore also argues that the DHB violated prison policy when they denied him a postponement.[1] Habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). This Court cannot grant habeas corpus relief based on the violation of a prison rule. Therefore, in this proceeding, it is not relevant whether such a rule was violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991). Because habeas relief is not available for the violation of a prison rule, the second ground also is not a basis for granting habeas relief.

Lattimore next argues that the DHB violated prison policy when they based their decision on a case file not presented during the hearing. As previously discussed, Lattimore did not have a federal right to a copy of the file and a violation of prison policy is not a basis for habeas relief. Furthermore, Lattimore mistakenly believes that the hearing was limited solely to that time during which he attended, rather than also including the time during which the DHB reviewed

---

[1] Although *Wolff v. McDonnell*, 418 U.S. 539 (1974) affords the right to at least 24 hour notice prior to a hearing, Lattimore waived that right when he signed his Notice of Disciplinary Hearing (Screening Report). [DE 1-2 at 8.] Nevertheless, it was not until seven days later that the hearing was actually held.

and considered evidence outside of his presence.  Additionally, Lattimore argues that he did not receive a written copy of the findings of fact.  Although *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that the fact finder provide a written explanation of its findings, it does not require providing a copy of the evidence relied upon.  Lattimore does not argue that the written explanation of the findings is insufficient, only that he was not given a copy of the investigator's case file.[2]  Because *Wolff* does not require the presentation of all of the evidence at a hearing where Lattimore is present, the third ground is not a basis for granting habeas relief.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED.**

ENTERED: February 26, 2007

                                            s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT

---

[2] The Report of Disciplinary Action adequately provides an explanation of the DHB's findings when it states:
> Conduct report and investigator case file ISP113IA is clear and concise.  Offender requested evidence against him and it was part of case file. We do believe this offender conspired to traffic, therefore we find him guilty.

[DE 1-2 at 7.]